## Hulst vs. Flanders.

### *Waiver of tort.*

If A is indebted to B for moneys of the latter wrongfully converted by the former, and, upon an accounting between them, B knowingly accepts bank checks and notes of A *in excess of the amount legally due him* by reason of such conversion, and afterwards collects a part of the paper so taken (although in this state notes taken for a preëxisting debt are not a payment), this is a *waiver* of B's right to sue for the *tort*.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for the wrongful conversion by the defendant of certain moneys of the plaintiff. It is alleged in the complaint that at different times between January 9th and May 2d, 1873, plaintiff placed in the hands of the defendant as his agent, certain sums of money, amounting in all to over $2,700, to be invested, and the interest and profits thereon to be collected by him, for the use and benefit of the plaintiff; that defendant never invested such moneys for the plaintiff, but misappropriated and converted the same to his own use; and that, although due demand was made therefor by the plaintiff, defendant has not delivered to him any securities which he might hold for him, or returned to the plaintiff any portion of the moneys so placed in his hands, except $540. The answer is substantially a denial that defendant received the money in any fiduciary capacity, or that he converted the same to his own use.

Plaintiff was the only witness who testified on the trial. He testified that he delivered to defendant the moneys specified in the complaint, at or about the times therein specified, for investment; and admitted that defendant had made payments to him at different times to the amount of $467.50, in addi-

tion to the payments admitted in the complaint.  He also testified that he demanded of defendant the unpaid balance of the moneys so advanced, but defendant did not pay or return the same.  His testimony shows further, that in the fall of 1875 he had an accounting with the defendant in respect to such moneys; that on such accounting they computed interest at ten per cent. per annum from the time defendant received the same to the date of such accounting, and made rests in such account on each first day of January, adding the interest to the principal at each rest; and that the accounting thus made brought the defendant in default to the amount of $2,881. For this balance defendant gave, and plaintiff accepted and received, four checks drawn by the defendant on a Milwaukee bank, for $200 each, dated respectively October 15th, November 3d, 8th and 10th, 1875; and two promissory notes of the defendant, payable to the plaintiff or order, both dated October 1st, 1875 — one for $400 and ten per cent. interest, due thirty days after date, and the other for $1,681 and the same rate of interest, due thirty days after demand.  It satisfactorily appears that this accounting was had at the time the notes bear date, October 1st, 1875, and that the checks were post-dated.

The checks dated October 15th and November 3d were paid before this action was brought.  The other checks and the two notes remain unpaid

On the foregoing evidence, the circuit court nonsuited the plaintiff and rendered judgment dismissing the complaint, with costs; and plaintiff appealed from the judgment.

*J. C. McKenney*, for the appellant, to the point that the right to bring an action for the tort had not been extinguished, cited *Chipman v. Martin*, 13 Johns., 240; *Cornell v. Lamb*, 20 id., 407; *Hill v. Beebe*, 13 N. Y., 556; *Gregory v. Thomas*, 20 Wend., 17; *Pettengill v. Mather*, 12 Abb. Pr., 436; *Bull v. Melliss*, 9 id., 58; *Harding v. Shannon*, 20 How. Pr., 25; *Holbrook v. Homer*, 6 id., 86; *Bailey v. Hull*, 11 Wis., 289; 1 Wait's Pr., 622; and especially *Shipman v. Shafer*, 14 Abb. Pr., 449, and *Wanzer v. De Baun*, 1 E. D. Smith, 261, 263.

For the respondent, there was a brief by *Cottrill & Cary*, and oral argument by *Mr. Cottrill*. They argued, *inter alia*, that if plaintiff ever had any cause of action *ex delicto*, his right to bring such action was lost by the transactions between the parties. *Alliance Ins. Co. v. Cleveland*, 14 How. Pr., 408; *Merchants' B'k v. Dwight*, 13 id., 366; *Nelson v. Blanchfield*, 54 Barb., 630; *Morange v. Waldron*, 6 Hun, 529; *Fritts v. Slade*, 9 id., 145; *Adams v. Sage*, 28 N. Y., 103; *Pierce v. O'Keefe*, 11 Wis., 180; *Anderson v. Case*, 28 id., 505.

LYON, J. It is argued in the brief of counsel for the defendant, that the evidence fails to show that the defendant received the plaintiff's money as his agent, or for the purpose of investing it in his name or in any particular manner; but shows rather that he received it for investment generally, either in his (the defendant's) own name, with his own money, or otherwise, in his discretion; and hence, that the transaction rests entirely in contract, and furnishes no ground for an action *ex delicto*. We do not find it necessary to determine this proposition. The complaint states a cause of action *ex delicto*, and we prefer to dispose of the case on the hypothesis (assumed for the purposes of the case) that the evidence tends to prove the cause of action therein stated.

Considering the case from this standpoint, the controlling question is, whether, by taking the defendant's checks and notes on the accounting of October 1, 1875, and receiving payment of two of the checks, the plaintiff has precluded himself from the right to maintain an action of tort on the original transaction between the parties.

There is some conflict in the cases as to what acts on the part of the plaintiff will operate as a waiver of the tort, and confine him to his remedy on the contract, when, but for such acts, either of those remedies would be available to him. Some of the cases cited on behalf of the defendant go to the extent of holding that the acceptance by the claimant of a

post-dated check, or a note payable at a future day, for the amount of the demand, is a waiver of the tort; while some of the cases cited on behalf of the plaintiff maintain the opposite doctrine.

We have been referred to no case, however, and have been unable to find one, which holds that an action *ex delicto* may be maintained on such a claim after it has been adjusted by the parties at a sum largely in excess of the legal liability of the defendant, and after the plaintiff has received the notes or other obligations of the defendant for the sum agreed upon, and has made collections on account thereof. It seems clear to us that such acts are entirely inconsistent with a right to maintain an action for the original tort, and that such a case is within the principle of the familiar rule, that " a party cannot occupy inconsistent positions; and when one has an election between inconsistent courses of action, he will be confined to that which he first adopts." *Webster v. The Phœnix Ins. Co.*, 36 Wis., 67–72.

Had the plaintiff brought his action before the accounting, either on the contract or on the alleged tort, the measure of his damages would have been the unpaid balance of the advances and legal interest. But the checks (a part of which have been paid), and the notes for the balance found due on the accounting, are for an amount largely in excess of the legal rule of damages; and the plaintiff made the accounting, accepted the checks and notes, and made the collections, with full knowledge of all the material facts in the case. It must be held that, under the circumstances of the case, these acts of the plaintiff operate as a waiver of the alleged tort, and restrict him to his remedy on the contract. We do not think the rule which prevails in this state and elsewhere, that the giving of a negotiable note for an antecedent debt is not a discharge of such debt unless expressly so agreed, until the note is paid, has any application to the case. The question here is not whether the antecedent debt is discharged, but whether a tort has been waived.

It results from the view we have taken of the case, that the action in its present form cannot be maintained, and hence, that the circuit judge properly nonsuited the plaintiff.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part.