Webster vs. The Phœnix Insurance Company.

## WEBSTER VS. THE PHŒNIX INSURANCE COMPANY

| 36 | 67 |
| 75 | 353 |
| 36 | 67 |
| 82 | 260 |
| 36 | 67 |
| 91 | 87 |
| 36 | 67 |
| 94 | 547 |
| 36 | 67 |
| 106 | 95 |
| 36 | 67 |
| 114 | 3 521 |

PRACTICE: APPEAL. (1) *Order reviewable on appeal from judgment.*
INSURANCE AGAINST FIRE: WAIVER: ESTOPPEL. (2) *Breach of condition in policy may be waived.* (3, 4) *Insurer estopped in this case from setting up such a breach.*

1. An order denying a motion, after verdict, for a new trial, is reviewable *on appeal from the judgment;* and it is not necessary to appeal in form from such order. Tay Stats., 1632, § 6.
2. A breach, by the insured, of a condition in the policy of insurance against fire, which, by the terms of the policy, would render it void, may be *waived* by the insurer. 27 Wis., 693.
3. Action on a policy of insurance against fire. Defense, that the insured, between the issue of such policy and the loss, had taken additional insurance on the property in another company, without defendant's knowledge or consent, which, by the terms of the policy, would render it void. There was conflicting evidence as to whether defendant's agent knew of and consented to the additional insurance, *before* the loss; but it appeared that after the loss defendant was informed by the agent of such additional insurance, and, without notifying plaintiff of any refusal to pay on that ground, required her to furnish plans and specifications of the building destroyed, which she procured and furnished at considerable expense. *Held,* that defendant is *estopped* from setting up the defense above stated.
4. The fact that the insured was required by *another* company to furnish such plans and specifications, each company acting independently of the other; or even the fact (if that were shown) that the two companies made the requirement *jointly*—would not affect the force of the estoppel.

APPEAL from the Circuit Court for *Winnebago* County.

This action is upon a policy of insurance on the dwelling house of the plaintiff in Menasha, issued by the defendant December 2, 1867, for five years, and renewed December 2, 1872, for five years. Such dwelling house was destroyed by fire December 19, 1872. . The policy contains the following condition : "If the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon, this policy shall be void." On the 16th of December, 1871, the plaintiff took a policy from the Imperial Insurance Company on the same house ; and the sole defense to the action is, that the plaintiff obtained the latter policy without the knowledge or consent of the defendant.

The policy issued by the defendant was renewed through the agency of one Fisher, who was then the local agent of the defendant at Menasha. The question litigated on the trial was, whether, previously to such renewal, the plaintiff's agent and husband, A. J. Webster, informed Fisher that such additional insurance had been effected in the Imperial Company ; and the testimony relating thereto was conflicting. Mr. Webster testified that he informed Fisher of the fact soon after the additional insurance was taken ; and Fisher denies that he received any such information from Webster. There were some slight circumstances proved, tending to corroborate Webster.

It was proved on the trial, that the next day after the house was burned, that is, on the 20th of December, 1872, Fisher wrote to the general western agent of the defendant at Cincinnati, and telegraphed to Mr. Iott, the special adjuster of the defendant of losses in this state, informing those officers of the Imperial Company's insurance on the house. On the 7th of February following, the general western agent addressed a letter to Mr. Fisher, which was received by him, and the contents thereof communicated to Mr. Webster, which letter is as follows :

"CINCINNATI, February 7, 1873.

"H. D. FISHER, ESQ.— Dear Sir : Your favor of the 4th inst., accompanying certain documents in the claim of *Mrs. Helen F. Webster*, is received.

"As proofs they are by no means satisfactory, and as one of the points of deficiency we may mention that it is not shown what the actual worth of the property was, as covered by our policy. You will please inform *Mrs. H. F. Webster*, that in accordance with the conditions of our policy, we require full plans and specifications of the house destroyed, which, when ready, may be sent to this office."

A few days after the fire, Mr. Iott also required the plaintiff to furnish such plans, drawings and specifications of the house, as well as estimates of the cost of rebuilding it. When these requirements were made, those officers of the defendant knew all about the Imperial Company's insurance. The plaintiff furnished such plans, estimates, etc., at an expense of over $200.

The cause was tried by the court without a jury, and the court found as a fact (amongst others), that when the policy was renewed, Fisher, the agent, knew of the additional insurance in the Imperial Company, and gave his assent and permission thereto. The court rendered judgment for the plaintiff for the amount of the policy.

The defendant afterwards moved for a new trial. The motion was founded on certain affidavits made by several persons, to the effect that after the fire, and before the trial, Mr. Webster said to some of the affiants that he gave no notice of the additional insurance to Mr. Fisher. It was claimed that the defendant was surprised by the testimony of Mr. Webster in that behalf, and was not prepared on the trial to rebut it. The court denied the motion for a new trial, and rendered judgment in accordance with the verdict. The defendant appealed from the judgment, and from the order refusing a new trial.

*Felker & Weisbrod*, for appellant :

1. The application for a new trial was improperly overruled.

A new trial will be granted when newly discovered evidence goes to utterly destroy the testimony of a witness by showing it founded in perjury. 3 Gra. & Wat. N. T., 1542, 1543 ; 1 Bos. & Pul., 429 ; *Wehrkamp v. Willett*, 1 Daly, 4. Where a judgment has been obtained at law through the perjury of a witness, courts of equity will interfere and grant a new trial. Hilliard on N. T., 419, § 51 ; 4 Bin., 481 ; 5 Cow., 106–123 ; 26 Wis., 504, and cases there cited. And a new trial should be granted on motion whenever equity would grant a new trial. 2. The testimony concerning the plans and specifications was wholly. immaterial. The policy at that time was either utterly void, or it was valid.

*Moses Hooper*, for respondent :

1. The answer did not set up a defense. The condition of the policy claimed to have been broken, was printed in fine nonpareil type. It is subject to the charge that it was a fraud upon the insured. *Phœnix Insurance Co. v. Slaughier*, 12 Wall., 407 ; *Cannell v. Phœnix Insurance Co.*, 59 Me., 587. 2. There was sufficient proof to show that when the agent renewed the policy sued on, he had notice of the second insurance. If he had such notice, the condition was waived. *Miner v. Phœnix Ins. Co.*, 27 Wis., 695 ; *Witherell v. Maine Ins. Co.*, 49 Me., 203 ; *Carroll v. Charter Oak Ins. Co.*, 38 Barb., 402 ; *Frost v. Saratoga Mut. Ins. Co.*, 5 Denio, 154. 3. The most that can be claimed is, that this breach of the condition rendered the policy voidable at the option of the defendant. *Viele v. Germania Ins. Co.*, 26 Iowa, 51–53, and cases there cited. 4. The defendant is estopped, by the conduct of its agents in requiring plans, etc., from now holding the policy void. *Weed v. Page*, 7 Wis., 511 ; *Williams v. Ketchum*, 21 id., 434 ; *Lawrence v. Dale*, 3 Johns. Ch., 23, 41 ; *Irvine v. Irvine*, 9 Wall., 627–8 ; *Ferguson v. Bell*, 17 Mo., 347 ; 1 Co. Litt., 175 ; *Minert v. Emerich*, 6 Wis., 355 ; *Dezell v. Odell*, 3 Hill, 215 ; *Silloway v. Ins. Co.*, 12 Gray, 82–3 ; *Swain v. Seamens*, 9 Wall., 272–3 ; *Viele v. Ins. Co.*, 26 Iowa, 56 ; Big. on Est., 552–4 ; Smith's L. C., 544.

Webster vs. The Phœnix Insurance Company.

LYON, J. The appeal, in form, is from the order denying the motion for a new trial, and also from the judgment; but it was quite unnecessary to take it in that form. Such order involves the merits and necessarily affects the judgment, and would therefore be reviewed by this court on an appeal from the judgment alone. Tay. Stats., 1632, § 6.

We find it unnecessary to determine whether the affidavits on which the motion for a new trial was predicated, show a case of surprise which entitles the defendant to a new trial; because, if it be conceded that when the policy was renewed (December 2, 1872), the agent of the defendant did not know and had never been informed that additional insurance had been taken on the plaintiff's house in the Imperial Company, we are still satisfied that the judgment of the circuit court is correct. Our reasons for this opinion will be briefly stated.

In *Miner v. The Phœnix Ins. Co.*, 27 Wis., 693, this court held that the breach by the insured of a condition in the policy, the effect of which, by the terms of the policy, was to render the same void, may be waived by the insurer. The logic of that case (and of numerous others decided by the courts of this country) is, that upon a breach of such a condition the contract of insurance does not become absolutely void, but voidable only. That is to say, it becomes void at the election of the insurer, and not otherwise. See *Viele v. Germania Ins. Co.*, 26 Iowa, 9, and a learned note at the close of the opinion, where this subject is ably considered, and a large number of cases relating to it are cited.

The question before us in the present case is, whether the facts that the defendant required the plaintiff to furnish plans and specifications of the insured house, after notice of the additional insurance, and that the plaintiff furnished the same, or procured them to be prepared, at a large expense, pursuant to such requirement, are sufficient evidence of a waiver of the condition, and estop the defendant from asserting that the

policy was forfeited because its consent was not obtained to such additional insurance.

By applying to this question certain elementary legal principles, it may be readily and correctly answered. Those principles are thus stated by an able and discriminating law writer: " A party cannot occupy inconsistent positions; and where one has an election between inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the fact, determines his election, and works an estoppel." Bigelow on Estoppel, 578.

In the present case the defendant had an election between two courses of action, each entirely inconsistent with the other. It could have declared the policy void because of the additional insurance effected without its consent, or it could treat the policy as valid, and, pursuant to stipulations therein, could require the plaintiff to furnish, in addition to the usual proofs of loss, plans and specificaions of the building destroyed. With full knowledge of all the facts, it chose the latter course; and the plaintiff, at great expense to herself, complied with its requirements. This was a most decisive act on the part of the defendant — an act utterly inconsistent with an election to consider the policy void for a breach of any of the conditions thereof; and it seems very clear to us that the defendant is estopped thereby from insisting on a forfeiture of the policy.

It is quite immaterial that the plaintiff was also required by another insurance company, having a risk on her house, to furnish such plans and specifications. The requirement of this defendant in that behalf, as evidenced by the letter of February 7, 1873, written by its general agent, is entirely independent of any similar requirement by any other insurance company. But we do not see that the principle of the transaction would be any different, had the defendant joined with some other company in requiring the plans, etc., and had the

same been furnished to such companies jointly. The act of the defendant would still be an election to treat the policy as a valid and subsisting contract.

It follows from the view we have taken of the case, that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.