The Chicago Guaranty Fund Life Society v. Eliza Wilson.

1.    BENEFICIARY ASSOCIATIONS—*Burden of Showing the Legality of
an Assessment.*—The burden of showing the legality of an assessment,
when a forfeiture is claimed, because of its non-payment, is upon the
party seeking to establish the forfeiture.

2.    SAME—*Members Not Bound by Illegal Assessments.*—A member
of a beneficiary association is not bound by an illegal assessment and
no forfeiture can be insisted upon because of its non-payment.

3.    SAME—*What is a Waiver of a Forfeiture.*—The action of a bene-
ficiary association, after the original proofs of a death loss are furnished,

in calling for further proofs without in any way claiming a forfeiture, and which proofs are furnished, is, under the circumstances of this case, a waiver of the forfeiture.

4. FORFEITURES—*Are Not Favored in Law.*—Where an insurance company with a full knowledge of all the facts, instead of asserting its rights, calls for further proofs, thereby recognizing the continued validity of the policy, it should not be permitted, after the beneficiaries have been to the expense of furnishing such additional proofs, to change its ground and claim that the policy had been forfeited and was no longer in force.

Assumpsit, on a beneficiary certificate. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

F. H. GANSBERGEN and EDWARD MARSHALL, attorneys for appellant.

CHARLES I. MCNETT and HOPKINS, THATCHER & DOLPH, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was a suit upon a certificate of membership numbered 4595, issued by appellant, a mutual benefit society, upon the life of William Wilson, April 9, 1886, for $1,000, payable to Eliza Wilson, the appellee. The declaration contained special counts upon the certificate, setting it out in full, and also the common counts. The defendant pleaded the general issue. A jury was waived and the cause tried by the court. Issues were found for the plaintiff and damages assessed at $995, for which amount the court rendered judgment. The defendant excepted and appealed to this court.

William Wilson died September 3, 1898, and proofs of death were furnished to appellant. No claim of forfeiture was at first made, but further proofs of death were called for and furnished by appellee. Appellant then denied all liability because it claimed the certificate of insurance was forfeited before the death of insured, by reason of his failure to pay assessment numbered 73, for the sum of $7.52.

This assessment was issued August 1, 1898, payable September 1, 1898. There seems to be no dispute that the deceased was duly notified of this assessment and never paid it, nor made application for reinstatement in pursuance of the laws of the society. The reason given for the non-payment is, that assessment No. 73 was a raised assessment, being for a larger amount than the insured had ever been called upon to pay; was for a greater sum than his contract required him to pay; that it was beyond the power of appellant to make and was therefore illegal and void.

There is very little conflict in the evidence, if any, and we do not deem it necessary to discuss it at any considerable length. No propositions of law were offered by either party. The only questions, therefore, which properly come before us for review, arise out of the alleged errors in the rulings of the court upon the admission or rejection of evidence. In fact, counsel for appellant really make but one point as to the exclusion of evidence, which is that the court refused to admit in evidence the articles of incorporation issued to it by the Secretary of State of Illinois, August 2, 1894. All the other questions raised properly arise under that ruling. We are of opinion that in this ruling of the court there was no error. The new articles of incorporation had no bearing upon the issues in the case, and appellee was not bound by them. They were not retroactive in their effect. Moore v. Chicago Guaranty Fund Life Society, 178 Ill. 202; Voigt v. Kersten, 164 Ill. 314; Cov. Mut. Life Assn. v. Tuttle, 87 Ill. App. 309.

The certificate in controversy was, therefore, not governed by the later articles of incorporation and the constitution and by-laws adopted thereafter, and hence they were properly excluded. It may be said in passing, that it is not shown with definiteness, that the new constitution was ever adopted. The by-laws were adopted, and counsel for appellant in their reply brief, say the omission in the records of the society whereby they fail to show the adoption of the constitution at the same time, was probably due to a clerical error. But no effort was made to show this on the

trial, nor to supply the omission, even if it could have been done. Hence all we can do is to take the record as we find it, and certainly that does not show that the new constitution was ever adopted. We adhere to our opinion in Cov. Mut. Life Assn. v. Tuttle, *supra*, that the burden of showing the legality of the assessment, when a forfeiture is claimed because of its non-payment, is on the party seeking to establish the forfeiture, and we can not indulge in any presumptions to supply alleged omissions. But even were it clearly shown that the new constitution had been adopted, only the board of directors had power under it to fix the rate of assessment, while in the case at bar, the board of directors did not fix the rate or raise it above what had formerly been assessed. This was done by the act of a so-called executive committee, and in our opinion their action was illegal and void; the deceased was not bound to pay any attention to an assessment thus illegally levied, and no forfeiture could justly be insisted upon for its non-payment.

There is a question raised by counsel for appellee which deserves consideration. It appears from the evidence that after the original proofs of death were furnished to appellant, it called for further proofs without in any way claiming a forfeiture. These proofs were furnished by appellee, who was at some additional expense in procuring and furnishing them. Under the circumstances of this case, we think this action of appellant was a waiver of the forfeiture. Titus v. Glens Falls Ins. Co., 81 N. Y. 410–419; Cannon v. Home Ins. Co., 53 Wis. 593; Webster v. Phoenix Ins. Co., 36 Wis. 67; N. W. M. L. Ins. C. v. Germania F. Ins. Co., 40 Wis. 446; Gans v. St. Paul F. & M. Ins. Co., 43 Wis. 108.

Forfeitures are not favored in the law, and when an insurance company, with full knowledge of all the facts, instead of asserting its right to insist upon a forfeiture, sees fit to call for additional or further proofs, thereby recognizing the continued validity of the policy, it ought not to be permitted, after the additional proofs have been furnished at an increased expense to the party, to change its ground

and claim that the policy had been forfeited and was no longer in force. So far as the record shows, appellant knew all the facts in this case. It must have known that the assessment had not been paid. Further proofs of death could shed no light on that question, yet it required them to be furnished, and we think it should now be estopped from insisting that the forfeiture then existed. ·

Upon a consideration of the whole record we think the judgment was correct and must be affirmed.