GOLDMAN, Respondent, vs. FIDELITY & DEPOSIT COMPANY
OF MARYLAND, Appellant.

*May 6—June 23, 1905.*

*Guaranty insurance: Employee's bond: Pleading: Defenses: Warranties: Trial: Province of jury: Witnesses: Appeal and error: Bill of exceptions: Defenses: Notice: Waiver: Evidence.*

1. In an action on a bond given by defendant to secure plaintiff against the embezzlement of an employee, the falsity of written statements given by the employer as the basis of the bond applied for, whether representations or warranties, to be available must be expressly pleaded.
2. In such case plaintiff is not required, in the first instance, to prove the truth of all his statements nor to negative all possible grounds for forfeiture. It is for the defendant to point out such of these as are depended on for defense.
3. It is for the jury to weigh and resolve inconsistent statements of parties and witnesses.
4. When an examination of the evidence discloses some which the jury might deem credible and sufficient to support their conclusions, their verdict will not be disturbed on appeal.
5. When the statement of an employer, in answer to questions asked as a condition precedent to and as the basis of bonding an employee, declared that the largest amount of cash in the custody of the employee at any one time was "about $50," such answer is so indefinite as to refute the idea that it was a warranty.
6. In such case an affirmative answer to a question of a special verdict: "Did the duties of said O., as G.'s employee, make him the custodian of a larger amount of plaintiff's cash at any one time than about $50," does not defeat a recovery by plaintiff, since only a general conduct of business, whereby customarily a larger amount of money was allowed to be in the employee's hands, could have such result.
7. Error is not to be presumed but must be made to appear, and the supreme court will therefore assume that documentary evidence not appearing in the bill of exceptions supported the conclusion of the trial court.
8. In an action on a bond given to secure plaintiff from embezzlement by the employee bonded, a failure to give the surety the notice required by the conditions of the bond is *held* waived

by taking the various steps stated in the opinion, and finally joining issue without predicating any defense upon such delay.
9. In such case the evidence, stated in the opinion, is *held* sufficient to warrant the jury in finding embezzlement to the amount of their verdict.

APPEAL from a judgment of the circuit court for Brown county: SAMUEL D. HASTINGS, Circuit Judge. *Affirmed.*

Action upon a bond conditioned for the reimbursing to the plaintiff such pecuniary loss as he might suffer by any act of larceny or embezzlement on the part of one O'Brien, his employee; the complaint alleging an embezzlement to the amount of $470. The bond was issued upon the application of O'Brien, but, before its issue, a statement from the plaintiff was obtained upon a written blank declaring that the company desired answers to the questions therein as conditions: precedent and as the basis of the bond applied for, answers to which questions were inserted by plaintiff and the same signed by him. The bond provided it should become void if the employer should fail to notify the company of the discovery of any act which might be made the basis of any claim thereunder, immediately after it should come to the knowledge of the employer. The plaintiff's written statement, among other things, declared that the largest amount of cash in the custody of O'Brien at any one time was "about $50," which would remain in his control for about a week; that he would send in moneys every week and make regular settlement once a month; also that O'Brien had been in plaintiff's employ for about six months, and that his accounts had been examined the month previous to the application and found correct. The answer alleged the falsity and failure to observe some of these declarations, and also failure of plaintiff to immediately file with defendant an itemized claim for certain embezzlements by O'Brien committed between May 1 and June 18, 1902, and made the basis of this action. A special verdict was taken, in which the jury found (1) prior

employment of O'Brien for six months; (2) examination of his accounts the month prior to plaintiff's written statement; (3) that the duties of O'Brien as employee made him the custodian of a larger amount than about $50 of plaintiff's cash at any one time; (4) that such amounts were not left in O'Brien's hands longer than about a week; (5) that plaintiff did require of O'Brien monthly statements, and examined his books to ascertain their correctness; (6) that he did give immediate notice upon discovery of the fact of O'Brien's conversion of money or goods; and (7) did immediately file his itemized claim, and that the amount of the embezzlement was $470.40. Before verdict, defendant moved for direction of verdict in his favor; after verdict, upon motion to change certain answers by the respective parties, the court changed the answer to the sixth question from "yes" to "no," but held that the undisputed evidence showed a waiver of any forfeiture resulting from the omission to immediately notify defendant, and also held that the third answer, while not changed, had no evidence to support it, further than the fact that in the last interval O'Brien did obtain possession of $106 of plaintiff's money. He also held there was no evidence to support a finding of more than $398.54 as converted, and accordingly rendered a judgment for that sum, with interest and costs, from which the defendant appeals.

*Samuel H. Cady,* for the appellant.

For the respondent there was a brief by *Wigman, Martin & Martin,* and oral argument by *P. H. Martin.*

DODGE, J. Certain general views and conclusions will dispose of a considerable number of the very many objections raised by appellant to a recovery upon the guaranty bond, without the necessity of detailed consideration. Among such is the rule that neither falsity of any of the statements contained in plaintiff's so-called "application," whether they be deemed representations or warranties, nor any omission upon

which, under the bond, appellant might claim a forfeiture, can be available except as they have been expressly pleaded. The plaintiff is not required, in the first instance, to prove the truth of all the statements contained in his application nor to negative all possible grounds of forfeiture. It is for the defendant to point out such of these as it elects to depend upon for defense. *May v. Buckeye Mut. Ins. Co.* 25 Wis. 291; *Redman v. Ætna Ins. Co.* 49 Wis. 431, 4 N. W. 591; *Benedix v. German Ins. Co.* 78 Wis. 77, 47 N. W. 176; *Johnston v. N. W. L. S. Ins. Co.* 94 Wis. 119, 68 N. W. 868; *Chambers v. N. W. Mut. L. Ins. Co.* 64 Minn. 495, 67 N. W. 367; *Bank of Tarboro v. Fidelity & D. Co.* 128 N. C. 366, 38 S. E. 908.

A careful examination of the evidence discloses some which the jury might have deemed credible and sufficient to support their findings upon the first, second, fourth, fifth, and seventh issues mentioned in the statement of facts. True, as to several of these, apparently inconsistent statements were made by the plaintiff, but such inconsistencies were for the jury to weigh and resolve, and in their judgment to reach the real truth of such matters, and we are unable to say that there was entire lack of credible evidence to support their conclusions above catalogued.

The only remaining pleaded defense is the alleged failure of the plaintiff to limit the amount of his money in the hands of O'Brien, at any one time, to about $50. On this question the jury found with the defendant. The trial court ignored that finding upon two grounds, stated in his opinion: First, that the statement in the application on this subject was so indefinite as to refute the idea that it was a warranty; but, secondly, that the finding was not supported by the evidence in a sense to defeat recovery, for the reason that only a general conduct of the business, whereby customarily a larger amount of money was allowed to be in O'Brien's hands, could have such result, and that there was no evidence that such

larger sum had ever been allowed to come into his hands at any one time until the time of his embezzlement, which was sporadic and out of the ordinary course of events, and which immediately aroused plaintiff to activity to put a stop to such conduct by discharging O'Brien. In this view of the law we think the trial court was correct. The indemnity of this bond was against just such misconduct of the employee in breach of his instructions and of the customary precautions which his employer exercised, and the fact that, when he undertook to acquire to himself and embezzle his employer's money, he was able to make such attempts successful to the extent of some $106 before his delay in reporting and remitting had aroused his employer to suspicion and interference, was no proof that in the conduct of the business he had been allowed to exceed approximately the sum of $50. Apart from this one instance there is no proof in the record as to the amount of his periodical collections which occurred during one week in each month; but it does appear that certain itemized lists of such collections were introduced in evidence, and were, of course, before the trial court in rendering his decision. These would very probably indicate, approximately at least, the amount which O'Brien customarily obtained on each of his monthly collecting tours. But the appellant has failed to preserve in the bill of exceptions any copy of these statements from which we can approximate that information. We must therefore, under the familiar rule that error is not to be presumed but must be made to appear, assume that these statements served to support the trial court's conclusion that there was no evidence of a breach of this statement in the application, even if the same were deemed to be a warranty.

Another subject upon which much is said in appellant's brief is the failure of plaintiff to immediately notify the defendant upon discovery of O'Brien's misconduct. His suspicions were not aroused until about the 18th of June, when he immediately went and found O'Brien in an unintelligible state of intoxication, made effort to regain from him the prop-

erty in his hands, and, as soon as possible, to obtain information from him and to protect himself as far as he could against the loss, which effort seemed to have occupied him until the 5th or 6th of July, when he returned home, and on the 7th of July sent notice to the defendant. The court set aside the finding of the jury that this notice was given immediately, but held that the right of forfeiture which might be predicated upon such failure had been waived. This defense would seem to be unavailable to the defendant in any event because not pleaded, but, since it was treated as before the trial court, we should perhaps say that we agree with his conclusion of waiver. Defendant made no objection on this ground, but called on the plaintiff to make effort to get a settlement with O'Brien, then to make up his itemized claim or proofs of loss, which were made about October 20th, and thereafter called upon plaintiff to take steps for the criminal prosecution of O'Brien in accordance with a provision contained in the bond, and later called upon him to aid an agent of the defendant in an extended investigation of the accounts to ascertain the amount of the shortage. Defendant contends that it could not be charged with waiver until it had knowledge of the delay in sending this notice. That may be conceded, but when in October it was furnished, with plaintiff's itemized claim, it would seem that it must have had such information, for that claim was required to give the dates of the embezzlements and other information. That itemized claim was in evidence, open to inspection by the trial court, but has not been included in the bill of exceptions, so that again we must indulge in the presumption, if necessary, that it supplied facts upon which the trial court based its conclusion. If information was then conveyed to the defendant of this delay in sending the notice, there can be no doubt that the calling on the plaintiff to take various steps thereafter and finally joining issue in this action without predicating any defense upon such delay must be construed as a waiver thereof. *Cannon v. Home Ins. Co.* 53 Wis. 585, 593, 11

N. W. 11; *Kidder v. Knights T. & M. L. Ind. Co.* 94 Wis.
.538, 69 N. W. 364; *Fraser v. Ætna L. Ins. Co.* 114 Wis.
.510, 90 N. W. 476.

The only remaining question is as to the proof of O'Brien's
embezzlement. On this subject his entries, reports, and state-
ments made in the course of his duties in the guarantied
employment are admissible against the surety. *Stephens v.
Shafer,* 48 Wis. 54, 65, 3 N. W. 835; *Clark v. Wilkinson,*
59 Wis. 543, 551, 18 N. W. 481; *Bank of Tarboro v. Fidel-
ity & D. Co.* 128 N. C. 366, 38 S. E. 908; *Lancashire Ins.
Co. v. Callahan,* 68 Minn. 277, 71 N. W. 261. Proof was
made of certain such statements and admissions from which,
in connection with the accounts and records kept by plaintiff,
he claimed to be able to state the amount, both of money and
goods, which O'Brien had appropriated to his own use. Be-
sides this, it was shown that defendant's agent, upon mutual
investigation of such accounts and records, concurred with
plaintiff in finding the shortage as stated and allowed by the
judgment. This was sufficient to warrant the jury in find-
ing embezzlement to that amount. We find no reason to re-
verse.

*By the Court.*—Judgment affirmed.