## FIDELITY & CASUALTY CO. OF NEW YORK v. ROSENHEIMER et al.

(Circuit Court of Appeals, Seventh Circuit, March 29, 1927.)

No. 3809.

**1. Insurance ☞668(15)—Insurer's knowledge of material facts respecting failure to give notice prior to malpractice action held for jury.**

Whether insurer knew all material facts respecting insured physicians' failure to give it written notice of malpractice when it took charge of the litigation against insured *held* for the jury.

**2. Insurance ☞668(14)—Whether policy required physicians to give immediate notice to insurer on receiving letter from another physician, who discovered malpractice, held for jury.**

Whether provisions of insurance policies protecting physicians against liability for malpractice, which required insured to give written notice of malpractice to insurer as soon as they became aware thereof, required them to give such notice when they received letter from another physician, stating that he had discovered gauze sponge in abdominal cavity of patient previously operated on by insured, *held* for jury under all the evidence.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by M. H. Rosenheimer, Sr., and another, against the Fidelity & Casualty Company of New York. Judgment for plaintiffs, and defendant brings error. Reversed, with directions.

The judgment for $10,250.00, recovered in this action, was predicated upon two indemnity insurance policies. One policy insured defendants in error, herein called plaintiffs, who were physicians; the other covered the Lincoln Hospital, a Wisconsin corporation, conducted by plaintiffs. The policy running to the hospital provided "against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered by any patient * * * at the hospital * * * in consequence of any malpractice, error, or mistake made while this policy is in force," etc. The policy covering the individuals was very similar. Each was for $5,000.

While the policies were in force plaintiffs performed an abdominal operation upon one Mattie Korth, and left a gauze sponge about ten inches square in the patient's abdomen. The patient and her husband each thereafter in the state court sued "Dr. M. H. Rosenheimer, Jr., Dr. M. H. Rosenheimer, Sr., and M. H. Rosenheimer, Sr., and M.

17 F.(2d)—61

H. Rosenheimer, Jr., doing business under the firm name and style of Lincoln Hospital, No. 811 Second street." Plaintiffs tendered the defense to plaintiff in error called defendant herein, who took charge of the litigation for five months, during which time its attorney attended an adverse examination of one of the parties. Thereafter it withdrew from the case and plaintiffs employed other counsel. The cause was brought on for trial when a settlement was effected, by the terms of which the patient was permitted to take judgment for $8,000 against plaintiffs and her husband obtained a judgment for $2,000 against them.

At the conclusion of this trial the court granted the plaintiffs' motion and entered judgment for the aforementioned sum of $10,250 and costs.

Wm. A. Hayes, of Milwaukee, Wis., for plaintiff in error.

Chas. B. Quarles, of Milwaukee, Wis., for defendants in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). As one of its defenses, applicable to both policies, defendant contends that plaintiffs were obligated to give prompt notice of the pendency of any claim—malpractice, error, or mistake; that they did not do so, and therefore liability on its part terminated. The clause in the policy relied upon, reads:

"In case the assured becomes aware of any malpractice, error or mistake covered hereunder, or any alleged malpractice, error or mistake, the assured shall give immediate written notice thereof with the fullest information obtainable at the time to the company at its home office in New York City, * * * or * * *. If any claim is made against the assured on account of malpractice, error or mistake covered hereunder, or on account of any alleged malpractice, error or mistake, the assured shall give like notice thereof with full particulars. The assured shall, at all times, render to the company all cooperation and assistance within his power."

The patient was operated on March 16, 1922. On July 2d of the same year the patient consulted another physician in her home city of Appleton, Wis. Another abdominal operation was performed and the gauze sponge found and removed. The doctor who performed this operation wrote plaintiffs July 20, 1922, as follows:

"A Mrs. Korth, who has been your patient for some time, has recently come into our hands. * * * To-day, under ether æsthesia, I dissected out, etc., and in the abdominal cavity * *. * I found a gauze sponge, which we removed. I feel that you will be interested in these findings, *but can assure you that nothing has been said to the patient in regard to finding this foreign body.* We will leave it to you to do as you see fit about informing the patient. Trusting that this will meet with your approval, and, if it does not, kindly let us know what you wish us to do. Very sincerely."

Plaintiffs replied to the doctor, but did not, prior to the institution of the suit, give notice to defendant of the receipt of this letter. On October 31, 1923, the patient brought the action referred to, and plaintiffs promptly notified defendant by letter as follows:

"Milwaukee, Wis., Nov. 5, 1923.

"This is to notify you that a malpractice suit has been instigated against us by Mr. and Mrs. Frank Korth, Appleton. Kindly come in and see up at your earliest convenience."

They also promptly delivered the summons and complaint served in the action to defendant, who attended the adverse examination permitted under section 4096 of the Wisconsin Revised Statutes. Thereafter, on December 8, 1923, defendant notified plaintiff as follows:

"Please be informed that we are handling this matter under a full reservation of all the rights of the company until we have had an opportunity to fully investigate the case. This is because of the delay in notifying us of the claim being made against you."

Thereafter, and on March 31, 1924, defendant returned the summons and complaint and added:

"I am instructed to inform you that the company feels that, because of the delayed notice to us of the claim being made upon you, we will have to withdraw from participating in defending you. We regret that we must find ourselves upon the necessity of the decision to decline to cover this case because of the delayed notice, as indicated above."

It was thereafter that plaintiffs employed other counsel and confessed judgment for $8,000 in favor of Mrs. Korth, and for the sum of $2,000 in favor of her husband.

Defendant relies on the failure of plaintiffs to give notice, as called for in the policies, while plaintiffs insist that defendant waived the giving of such notice by taking charge of the litigation, and for nearly five months conducting the defense, with full knowledge that the assured had failed to give such notice. Many cases may be found —a few being here collected—that hold the insurer may and does ordinarily waive the giving of such notice by taking charge of the litigation. Reilly v. Linden, 151 Minn. 1, 186 N. W. 121, N. E. 897; Mining Co. v. Fidelity Co., 126 Mo. App. 104, 103 S. W. 1098; Employers' Liability Co. v. Chicago & Big M. Coal Co. (C. C. A.) 141 F. 962; Miller v. Union Indem. Co., 204 N. Y. S. 730, 209 App. Div. 455; Farrell v. Merchants' Mutual Auto Liability Co., 196 N. Y. S. 383, 203 App. Div. 118; Goldman v. Fidelity & Deposit Co., 125 Wis. 395, 104 N. W. 80; Cannon v. The Home Ins. Co. of N. Y., 53 Wis. 585, 11 N. W. 11; Patterson v. Philadelphia Casualty Co., 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184; Fairbanks Canning Co. v. London Guaranty & Accident Co., 154 Mo. App. 327, 133 S. W. 664; Humes Const. Co. v. Phil. Casualty Co., 32 R. I. 246, 79 A. 1, Ann. Cas. 1912D, 906; Lee v. Phil. Casualty Co., 90 Conn. 202, 96 A. 952. Few of them, however, consider the effect of an attempted reservation, such as the defendant made by its letter of December 8th, above quoted. But all of them recognize that the insurer must have knowledge of all the material facts before its conduct can constitute a waiver.

[1] The action of the District Court in directing a verdict in plaintiffs' favor was necessarily predicated upon one of two assumptions, either that the evidence showed conclusively that defendant knew all the material facts respecting plaintiffs' failure to give this written notice, or that the evidence showed conclusively that plaintiffs were not obligated to give the defendant any written notice prior to the commencement of the damage action against them. From all the evidence we are of the opinion that both these questions were for the jury.

It may be true that defendant early learned of plaintiffs' failure to give it written notice of the substance of the letter of July 20th. But there was other material information respecting the alleged malpractice which defendant did not receive until later. In fact, the long time that elapsed between the date of the operation and the commencement of the malpractice action added to the burdens of the investigation, and left the question of whether any written notice was required doubtful and uncertain. Until defendant received this in-

formation, which, of necessity, had to come to it largely from, or through plaintiffs, its action in conducting the defense could not be said as a matter of law to have been a complete waiver. In other words, the question was one for the jury.

[2] Likewise we cannot say, upon all the evidence in this case, that the plaintiffs were not required to give written notice under the terms of their policies. While it may be true that the assured, in a case like this, is not required to give written notice of their "malpractice, error, or mistake" upon the receipt of every bit of hearsay information that may reach them, the evidence in this case demanded that this question be submitted to the jury. In fact, the more debatable question, upon all the evidence, is whether plaintiffs should not, as a matter of law, have been held to such a requirement. In view of the fact, however, that there are conflicting inferences properly deducible from this evidence, this issue was one for the jury.

There are serious questions presented by the record respecting plaintiffs' right to recover on the so-called hospital policy, which we refrain from discussing because of the uncertainty of the evidence bearing upon these questions. As the judgment must be reversed, and a new trial ordered, and upon a new trial these uncertainties may disappear, we do not pass upon these questions.

The judgment is reversed, with directions to grant a new trial.