CLARK, Appellant, v. LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA, Respondent.

*February 5—March 6, 1962.*

For the appellant there was a brief by *Affeldt & Lichtsinn,* and oral argument by *Eldred Dede,* all of Milwaukee.

For the respondent there was a brief by *Burlingame, Gibbs & Roper* of Milwaukee, and oral argument by *Richard S. Gibbs.*

BROADFOOT, C. J. The plaintiff contends that when he notified the defendant of the action by the property owners against him and other defendants, the defendant should have done one of two things: First, the defendant should have defended the action with a reservation of rights, or second,

it should have secured an adjudication of nonliability by way of a declaratory judgment in an action brought for that purpose. The defendant, however, adopted a third course. If it should eventually be proven wrong, it will be liable to the plaintiff for breach of contract. It did, however, have the right to adopt the course that it did.

The plaintiff next contends that the provisions of the insurance policy requiring the insured to make proof of loss and to give notice of suit and forward process are conditions in the nature of promissory warranties and precedent only to the right of recovery. At this point we cannot see that it matters particularly whether those policy provisions are called promissory warranties or conditions precedent. The terms are stated in the policy of insurance, only a portion of which is attached to the complaint. By the terms of the policy the plaintiff was required to do whatever was specified therein and the rights of the parties can best be determined upon a trial, when the factual situation will develop, rather than from the pleadings.

The plaintiff next argues that the defendant cannot occupy inconsistent positions and must make an election between inconsistent courses of action. In support of this argument the plaintiff quotes from two early Wisconsin cases: *Webster v. Phoenix Ins. Co.* (1874), 36 Wis. 67, and *Cannon v. Home Ins. Co. of New York* (1881), 53 Wis. 585, 11 N. W. 11. In the *Webster Case* this court said (p. 72):

"By applying to this question certain elementary legal principles, it may be readily and correctly answered. Those principles are thus stated by an able and discriminating law writer: 'A party cannot occupy inconsistent positions; and where one has an election between inconsistent courses of action, he will be confined to that which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the fact, determines his election, and works an estoppel.' Bigelow on Estoppel, 578.

"In the present case the defendant had an election between two courses of action, each entirely inconsistent with the other. It could have declared the policy void because of the additional insurance effected without its consent, or it could treat the policy as valid, and, pursuant to stipulations therein, could require the plaintiff to furnish, in addition to the usual proofs of loss, plans and specifications of the building destroyed. With full knowledge of all the facts, it chose the latter course; and the plaintiff, at great expense to herself, complied with its requirements. This was a most decisive act on the part of the defendant—an act utterly inconsistent with an election to consider the policy void for a breach of any of the conditions thereof; and it seems very clear to us that the defendant is estopped thereby from insisting on a forfeiture of the policy."

In the *Cannon Case* appears the following (p. 593) :

"The proposition upon which counsel rely is this: That a party cannot occupy inconsistent grounds or positions; that one who relies upon the forfeiture of a contract cannot, at the same time, treat the contract as an existing, valid one, nor call upon the other party to the contract to do anything required by it; or, to apply the proposition to the precise facts in the case, that, as the defendant, in its correspondence with the attorneys of the plaintiff, after full knowledge of the forfeiture, saw fit to call for additional proofs of loss, recognizing by this act the continued validity of the policy, it could not, after the plaintiff had gone to the expense and trouble of furnishing these proofs, change its ground and claim that the policy was no longer in force."

Those cases were entirely different upon their facts than in the matter before us. In this case, as soon as the defendant had made its investigation it refused to defend the action against the plaintiff and gave all of its reasons therefor at once. It did not elect to stand on one, then ask the plaintiff to comply with some other provision in the policy and attempt to adopt an inconsistent stand. Whatever the plaintiff should have done under the terms of the policy he had

done or had failed to do at the time the defendant refused to defend for the reasons it gave.

Finally, the plaintiff contends that the refusal of the insurer to defend the action on the ground that the claim upon which the action was based was outside the policy coverage was inconsistent with and a waiver by the defendant of its right to insist upon compliance with policy provisions requiring the insured to give notice of the accident as well as to forward the summons and other suit papers.

This argument is much like the prior one because of the claim that the reasons given are inconsistent and therefore, since the defendant gave as its first reason that the policy did not cover the refilling operations of the quarries, it thereby made an election even though the other reasons were given at the same time. The defendant did not make an election, nor did it waive any of its rights by the course which it adopted. Therefore the separate affirmative defense to which the demurrer was interposed was proper and the trial court was correct in overruling the demurrer.

*By the Court.*—Order affirmed.