Lam Yee v. State, 132 Wis. 527.

LAM YEE, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 27—June 20, 1907.*

*Criminal law: When verdict disturbed: Rape: Evidence: Arguments of counsel: Failure of defendant to call witnesses: Exceptions.*

1. In a criminal case if there is any credible evidence which in any reasonable view supports the verdict it will not be disturbed on appeal.
2. The decision of the trial court that there is credible evidence in support of the verdict will not be overruled unless it is clearly wrong, reasonable doubts being resolved in favor of the decision.

Lam Yee v. State, 132 Wis. 527.

3. A conviction of rape is *held* in this case to be sustained by the testimony of the prosecuting witness, corroborated by both direct and circumstantial evidence.

4. A ruling by the trial court to the effect that it was legitimate for the district attorney to claim, in argument to the jury, that if the testimony of the prosecuting witness was true and the testimony also true as to her being afflicted with a venereal disease soon after the time at which she testified the defendant abused her, the jury might infer that defendant was afflicted with that disease at the time of such abuse, is *held* not to have been erroneous, in view of the evidence in the case.

5. It was not error to permit the district attorney to comment on the failure of defendant to call witnesses to prove that he was not afflicted with the disease mentioned at the time of the alleged assault.

6. When defendant might readily have produced witnesses to disprove incriminating circumstances which the testimony of the prosecution tends to prove, his failure to do so may properly be commented upon in the argument to the jury.

7. Remarks made by the district attorney in argument to the court as to the competency of a witness cannot be held error where no exception thereto was taken at the trial and there was no request to instruct the jury on the subject, especially where the testimony was rejected and the court admonished the jury that what was said should have no effect upon their minds.

ERROR to review a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The accused was charged with having on January 3, 1906, committed the crime of rape upon the person of Minnie Schultz, a female under the age of fourteen years. He was in due form found guilty and sentenced to be punished by confinement in the state prison for ten years.

For the plaintiff in error there was a brief by *D. T. Phalen* and *E. E. Gray,* and oral argument by *Mr. Phalen.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* state law examiner, and oral argument by *Mr. Messerschmidt.* To the point that it is proper to permit comment on the failure of the accused to produce witnesses who are in possession of knowl-

edge that may show his guilt or innocence, they cited, besides cases cited in the opinion, *Hall v. State* (Tex.) 22 S. W. 141; *State v. Armstrong,* 34 Tex. Crim. 248, 30 S. W. 235; *Mayer v. State,* 33 Tex. Crim. 33; *Jackson v. State,* 31 Tex. Crim. 342; *Crumes v. State,* 28 Tex. App. 516, 13 S. W. 868; *Richardson v. State,* 44 Tex. Crim. 211, 70 S. W. 320; *Hawkins v. State* (Tex.) 71 S. W. 756.

MARSHALL, J. The sufficiency of the evidence to warrant the verdict is challenged. The question thus raised must be solved in the light of these familiar principles: If there is any credible evidence which in any reasonable view supports a verdict it cannot be disturbed on appeal. *Wis. F. L. Co. v. Bullard,* 119 Wis. 320, 325, 96 N. W. 833; *Kennedy v. Plank,* 120 Wis. 197, 97 N. W. 895; *Goldman v. Fidelity & D. Co.* 125 Wis. 390, 104 N. W. 80. The decision of the trial court that there is such evidence cannot properly be overruled unless it is not only wrong but clearly so, reasonable doubts in respect thereto being resolved in favor of such decision. *Powell v. Ashland I. & S. Co.* 98 Wis. 35, 73 N. W. 573; *Bohn v. Racine,* 119 Wis. 341, 346, 96 N. W. 813. A firm adherence to these salutary rules is necessary to the end that judgments of trial courts may be as stable as due regard for the rights of the parties will permit.

It seems to be conceded, as the fact is, that if the evidence given by the witnesses produced on behalf of the state is true the accused did the deed with which he was charged. The details of the evidence will not be stated to any great extent.

The girl, Minnie Schultz, testified positively to all the essentials of the crime. A girl fourteen years of age testified to being present on the occasion of the outrage and corroborated the Schultz girl in all particulars except the final consummation of the offense, which in the nature of things she could not, and did not, observe. There was testimony that the Schultz girl accompanied by other girls had on several

previous occasions visited the accused, at which times he took some improper liberties with them. There was testimony that a short time after the date of the alleged commission of the offense the Schultz girl was found to be afflicted with gonorrhea of a character indicating that it was communicated to her about such date. The accused testified that he did not have any such disease. This is as far as seems to be necessary to give the evidence. It has all been examined with care without our being able to reach the conclusion that the trial court was clearly wrong in holding that it made a case for the jury. The testimony of the girl unquestionably was to the effect that the accused abused her to the extent of committing the offense charged. She was corroborated, as has been indicated, both by direct and circumstantial evidence.

During the argument to the jury by the district attorney the court said in substance, in ruling on an objection, that it was legitimate for such attorney to claim that if the evidence of the Schultz girl were true and the evidence also true in respect to her condition as to being afflicted with a venereal disease a short time after she testified to having been abused by the accused, the jury might infer therefrom that he was afflicted with such disease at the time of such abuse. It is claimed that the court erred in so ruling and in making the statement in the presence of the jury. It is considered that no error was committed in respect to that matter. The purpose of the evidence as to the girl's condition was to show circumstantially that she had been abused by some male person. It was legitimate for such purpose. The evidence that the disease had run a course indicating that it was communicated to the girl about the time she claimed to have been assaulted, circumstantially tended to prove that she then contracted it. The effect of the court's ruling was that the jury might consider her evidence and that in respect to her condition and when such condition probably originated as bearing

on whether the accused produced it. Of course, the ulti-
mate question was not whether he was diseased at the time of
the alleged abuse of the girl, but whether her testimony in
respect to such abuse and the extent of it was true. But it
seems that the line of argument adopted by the district attor-
ney and sustained by the trial court, as indicated, was allow-
able.

The district attorney commented to the jury on the failure
of the defendant to call witnesses to prove that he was not
afflicted with gonorrhea at the time he was alleged to have
assaulted the girl. It is insisted that the court erred in per-
mitting that line of argument because of sec. 4071, Stats.
(1898), to the effect that the refusal or omission of an ac-
cused person to testify shall not create any presumption
against him. That has no reference to evidence of witnesses
which the accused might readily but fails to produce. Where
there is evidence tending to show that an accused person is
guilty or to establish some circumstance bearing on the ques-
tion and he may readily produce witnesses who can disprove
the incriminating evidence, or give testimony tending to dis-
prove it, if the same be untrue, and he fails to do so, such
failure may be considered by the jury, and may properly be
referred to by the prosecutor, as was done in this case. The
authorities cited in the state's brief are ample on that point.
The following are a few of them: *State v. Yordi,* 30 Kan.
221, 2 Pac. 161; *McGuire v. State,* 3 Ohio Cir. Ct. 551,
561; *State v. Mims,* 36 Oreg. 315, 61 Pac. 888; *U. S. v.
Candler,* 65 Fed. 308; *State v. Kiger,* 115 N. C. 746, 20
S. E. 456; *State v. Costner,* 127 N. C. 566, 37 S. E. 326;
*Comm. v. Weber,* 167 Pa. St. 153, 31 Atl. 481.

There is a further claim that certain remarks were im-
proper, which were made by the district attorney in the course
of an explanation as to how a witness became possessed of in-
formation respecting the condition of the accused shortly
after the alleged commission of the offense, in order to enable

the court to rule as to whether such witness was competent to testify. It is a sufficient answer thereto that no exception was taken to the remarks on the trial, nor was there any request to instruct the jury on the subject. However, it should be noted in passing that the evidence was rejected and the court admonished the jury that they should not allow anything said respecting the matter to have any bearing upon their minds.

The foregoing covers all questions presented for consideration which require special attention. So far as we can discover, the record is free from error and the accused had a fair trial.

*By the Court.*—The judgment is affirmed.