Syllabus.

GEORGE COLOMBO, defendant below, plaintiff in error, *vs.* STATE OF DELAWARE, plaintiff below, defendant in error.

1. WITNESSES—RECALLING WITNESS.

In a prosecution for the rape of a young child, a physician testified that he examined prosecutrix shortly after accused's arrest, and found her hymen ruptured and inflamed, indicating a partial or complete penetration of her sexual organ by a foreign body; and, before another physician was called to testify to the fact that prosecutrix was affected by a venereal disease contracted by sexual intercourse, the state recalled prosecutrix, who had previously testified that accused had penetrated her body with his sexual organ, and asked her if any other than accused had penetrated her with his sexual organ, which question she answered in the negative. *Held*, that prosecutrix's testimony that no one other than accused had penetrated her was admissible, in connection with the testimony that her hymen was ruptured and inflamed, and preparatory to the testimony of the other physician.

2. RAPE—ELEMENTS OF OFFENSE—PENETRATION—NECESSITY.

Sexual penetration is an essential element of the crime of rape.

3. RAPE—PROSECUTION—EVIDENCE—PENETRATION.

Sexual intercourse may be proven in a rape case, either by direct evidence, or by circumstantial evidence from which penetration is a necessary inference.

4. RAPE—PROSECUTION—ADMISSION OF EVIDENCE—VENEREAL DISEASE—ADMISSION TO SHOW PENETRATION.

In analogy to the rule permitting evidence of marks of violence to prosecutrix's private parts in a rape case, in order to show sexual intercourse, and, inferentially, penetration, proof that prosecutrix had a venereal disease, which could only have been contracted by sexual intercourse, was admissible in a rape case to show penetration, in connection with prosecutrix's testimony that accused was the only man whose organ had ever penetrated her.

5. RAPE—PROSECUTION—EVIDENCE—STRIKING EVIDENCE.

Testimony was admitted in a rape case of the fact that prosecutrix had a venereal disease, communicable only by sexual intercourse, for the purpose of showing penetration, either by considering that evidence, in connection with evidence that accused was the only man who had had intercourse with her, or in connection with evidence that accused had a similar disease; but the state failed to prove that accused had a similar disease at the time of the alleged rape, whereupon accused moved to strike the testimony that prosecutrix was infected with a venereal disease. *Held*, that the motion to strike was properly overruled, since such evidence was competent to show penetration, in connection with the proof that accused was the only man who ever had intercourse with prosecutrix, notwithstanding the state's failure to prove that he had a similar venereal disease.

6. CRIMINAL LAW—EVIDENCE—BEST EVIDENCE.

Testimony of a witness that prosecutrix saw accused at the police station on the day of his arrest did not mean that she identified him, and hence was not objectionable as secondary evidence as to his identification.

7. CRIMINAL LAW—INSTRUCTION—REQUEST—CHARGING INSTRUCTION.

It is not error to refuse to adopt the precise language of instructions requested by accused, where they were charged in substance.

(October 17, 1910.)

Opinion.

CURTIS, Chancellor, and Associate Judges CONRAD and WOOLLEY, sitting..

*Wilbur L. Adams* for plaintiff in error.

*Andrew C. Gray*, Attorney General, and *Josiah O. Wolcott*, Deputy Attorney General, for defendant in error.

Supreme Court, June Term, 1910.

WRIT OF ERROR (No. 2, June Term, 1910) to the Court of Oyer and Terminer of the State of Delaware, in and for New Castle County.

The defendant was convicted of rape in the Court of Oyer and Terminer, the case being reported in 1 *Boyce* 96, 75 *Atl.* 616. Affirmed.

The case is stated in the opinion.

WOOLLEY, J., delivering the opinion of the court:

George Colombo, the plaintiff in error, was charged by indictment with the crime of rape upon one Mary Lefkowicy, and upon trial was found guilty. After judgment and sentence, he obtained from this court a writ of error, in support of which he filed an assignment of errors containing eight specifications.

*First.* Prior to the admission of the testimony which is specified as error under the first assignment, Dr. Wales was produced as a witness for the state and testified, without objection, that shortly after the arrest of the prisoner he examined the prosecutrix, who was a child of tender years, and found her hymen ruptured and inflamed, and that this condition indicated either a partial or complete penetration of the female organ by some foreign body.

Dr. De Lacour, having been produced as a witness for the state and having testified that she had examined the private parts of the prosecutrix, was asked to describe their condition. Upon objection, Dr. De Lacour was withdrawn pending the recall of the prosecutrix, who, having previously testified that the prisoner had effected an entrance into her body, was asked if any one other than the prisoner had so entered her. Upon objection by the prisoner, it was urged for the state that the evidence was admissible in con-

nection with the testimony of Dr. Wales, in respect to the child's ruptured and inflamed hymen, as tending to prove that if no one other than the prisoner had entered her, it must have been the prisoner who created that condition, and that evidence which restricted to the prisoner acts of sexual intercourse with the prosecutrix, was proper and necessary to make relevant the testimony to be given by Dr. De Lacour, that the child was infected by a venereal disease contracted by sexual intercourse.

The court overruled the objection and admitted the answer, which upon exception, constitutes the prisoner's first assignment of error. The substance of the answer of the prosecutrix was that no one other than the prisoner had ever entered her.

It therefore appears that the testimony of the prosecutrix that the prisoner was the only man who had improperly known her, was admitted as supplementary to the testimony of Dr. Wales and as preliminary to the testimony of Dr. De Lacour. As Dr. Wales had testified that the hymen had been ruptured by a foreign body, it was in our opinion proper and material to admit testimony, which, if true, would tend to prove by exclusion, that the rupture of the hymen was caused by a penetration effected by the prisoner. As Dr. De Lacour was produced to show an infected condition of the private parts of the prosecutrix, by which sexual intercourse was intended to be proven and one element of the crime of rape thereby established, it was necessary, in order to make material the testimony of the physician, to admit testimony that restricted sexual intercourse to the prisoner, so as to negative the possibility of the prosecutrix having contracted the disease from some one else. *People v. Duncan*, 104 *Mich.* 460, 62 *N. W.* 556.

We are of opinion that the evidence was properly admitted in connection with the testimony of Dr. Wales, as well as in preparation for the testimony of Dr. De Lacour, and therefore find no error shown by the first assignment.

*Second and Third.* Dr. De Lacour, having been recalled, was directed to describe the condition of the private parts of the prosecutrix. Upon objection by the prisoner, it was urged for the state that the testimony was offered to prove an infected condition of the female organs, caused by sexual intercourse, and thereby to

prove first a penetravit, and second that the prosecutrix contracted the disease from the prisoner, who, upon further proof, would be shown to have been infected with the same disease. The court overruled the objections to this and to another question that related to the manner in which the disease was acquired, which upon exceptions constitute together the prisoner's second and third assignments of error. The substance of the answers is that the witness examined the private parts of the prosecutrix in the last week in May following the month of March, in the early part of which the crime is alleged to have been committed, and found her suffering from syphilis in its secondary stage, conveyed to her by sexual intercourse, anywhere from six weeks to three months before.

Sexual penetration of the prosecutrix by the accused is a necessary element of the crime of rape, to establish which the prosecution must prove sexual intercourse, which includes and means sexual penetration. Sexual intercourse may be proved either by direct evidence, when the case admits of it, or by circumstantial evidence, when the case requires it, showing a situation or condition, from which the act of penetration is deduced as a necessary inference. Proof of marks of violence or injury to the private parts of a prosecutrix is uniformly admitted as evidence of circumstances from which sexual intercourse may be inferred and by which sexual penetration may be established; so proof of the presence of a venereal disease in the private parts, together with proof that the particular disease could not have been so contracted except by sexual intercourse, is likewise proof of sexual penetration, and constitutes evidence proper to be submitted to a jury. It is to the admission of testimony of this latter character that the prisoner has excepted, yet we can see no distinction between an injury to the private parts resulting from violence, as proof of a penetravit, and a venereal disease that may be contracted only by entrance, as evidence of a penetration. The authorities support each proposition alike, and in principle, make no distinction between them. *Sigerella v. State,* 1 *Boyce,* 157, 74 *Atl.* 1081; *Brauer v. State,* 25 *Wis.* 413; *State v. Carnagy,* 106 *Iowa* 483, 76 *N. W.* 805; *Taylor v. State,* 111 *Ind.* 279, 12 *N. E.* 400; *White v. Commonwealth,* 96 *Ky.* 180, 28 *S. W.* 340; *Lam Yee v.*

*State*, 132 *Wis.* 527, 112 *N. W.* 425; 33 *Cyc.* 1487; *Underhill on Crim. Ev.* 413.

In the case of *Lam Yee v. State*, 132 *Wis.* 527, 112 *N. W.* 425, the prosecutrix testified to the penetration by the prisoner, in support of which there was testimony that a short time after the date of the offense, the prosecutrix was found to be afflicted with a venereal disease of a character and stage indicating that it was communicated to her at about the date of the offense. To counteract the effect of this testimony the accused testified that he had no such disease.

In ruling on an objection to the argument of counsel, the court said, in substance, that if the evidence of the prosecutrix that the prisoner had intercourse with her be true, and the evidence that she was infected with a venereal disease, contracted at about the time of the intercourse, likewise be true, it is proper for the jury to infer that the prisoner was afflicted with the same disease at the time of the abuse. Upon exception to this statement of the trial court, the Supreme Court, on writ of error, "considered that no error was committed in respect to the matter. The purpose of the evidence as to the girl's condition was to show circumstantially that she had been abused by some male person. It was legitimate for that purpose. The evidence that the disease had run a course indicating that it was communicated to the girl about the time she cla˙med to have been assaulted, circumstantially tended to prove that she then contracted it. The effect of the court's ruling was that the jury might consider her evidence and that in respect to her condition and when such condition probably originated, as bearing on whether the accused produced it."

In the case of *Regina v. Lines*, 47 *E. C. L.* 393, on an indictment for carnally knowing a child of tender years, it appeared from the examination of the surgeon, with respect to the penetration, that the hymen of the child had not been ruptured, but upon the hymen there was a venereal sore, which must have arisen from actual contact with the virile member of a man. Counsel for the prisoner submitted that all these appearances were consistent with the fact of the private parts of the prisoner being in actual contact with the private parts of the child, and yet no penetration suffi-

cient to constitute the whole offense, may have taken place. The court however submitted to the jury the fact of a venereal sore as evidence of a penetration and said: "I shall leave it to the jury to say whether, at any time, any part of the virile member of the prisoner was within the '*labia* of the *pudendum*' of the prosecutrix ; for if ever it was, no matter how little, that was sufficient to constitute a penetration, and the jury ought to convict the prisoner of the complete offense."

These cases illustrate the trend of decisions upon this subject, in accord with which we hold in this case, that evidence of the presence of a venereal disease in the prosecutrix, contracted by sexual intercourse, was evidence of a penetravit, and when considered in conjunction with her testimony that he was the only man who had ever entered her, it was properly admitted as evidence of a penetration by the prisoner. We find no error in the second and third assignments.

*Fourth.* When the state offered to prove a similar disease in the prisoner at the time of the rape, by the testimony of a physician who examined him six months thereafter, the court considered the examination too remote and excluded the testimony. Upon the failure of the state to supplement its proof of a venereal disease in the prosecutrix with proof of a like disease in the prisoner, in order to prove in this manner that the disease of one was contracted from that of the other, counsel for the prisoner moved that all of the testimony of Dr. De Lacour respecting the condition of the private parts of the prosecutrix and the manner by which they became infected, be stricken out. The court refused the motion, which upon exception constitutes the prisoner's fourth assignment of error.

By the testimony of Dr. De Lacour, two things are disclosed; first, the presence of a venereal disease in the prosecutrix; and, second, that the particular disease was contracted by sexual intercourse. By this testimony the state offered to prove two things; first, a penetravit; and, second, that the disease was acquired by sexual intercourse with the prisoner, upon further proof of a like disease in him. In this latter particular the state failed. But the offer of the state was not really to prove two things by the testimony

of Dr. De Lacour, but to prove one thing in two ways. The only thing that the state sought to prove by this testimony was a penetravit by the prisoner, and the two ways in which it sought to prove it were,—first, by evidence of a disease in the prosecutrix, contracted by sexual intercourse, considered in conjunction with proof that the prisoner was the only man who had intercourse with her; and, second, by evidence of a disease in the prosecutrix contracted by sexual intercourse, considered in connection with proof that the prisoner, who was the only man who had intercourse with her, had a like disease. In the first way, penetration was to be inferred from the presence of the disease in the female, and, by the second way, from the presence of the disease in the male as well. But in either way the one thing sought to be established by the evidence was a penetravit by the prisoner, to prove which in the first way we have already held that the testimony was properly admitted. As the testimony failed to prove a penetravit by one method of reasoning, it is not thereby made incompetent to prove a penetravit by the other method, and therefore should not have been stricken out. We find no error in the fourth assignment, and consider that the prisoner was rather benefited than prejudiced by the offer of the state and its corresponding failure of proof.

*Fifth.* The evidence considered by the fifth assignment is the statement of a witness that the prosecutrix saw the prisoner at the police station on the day of his arrest, and the error suggested is the admission of this testimony as tending to prove identity. As this testimony was not supplemented by other testimony that the prosecutrix at that time identified or recognized the prisoner, we are of opinion that the bald statement of the witness that the prosecutrix saw the prisoner, did not mean that she identified him, and therefore is not within the objection against secondary evidence. We find no error in the fifth assignment.

*Sixth, Seventh and Eighth.* The remaining assignments of error relate to instructions to the jury. We find that the trial court fully and correctly instructed the jury on those phases of the law of rape that are particularly embraced within the prisoner's prayers, and having charged the substance of the prayers, no error was committed by the court in declining to adopt their precise language.

After giving to this case a consideration required by its serious nature and commensurate with the importance of the questions involved, we are of opinion that at the trial no prejudice was done the defendant below and no error was committed by the court, and therefore

The judgment of the court below is affirmed.